Filing # 123834575 E-Filed 03/26/2021 11:58:52 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:16-2021-CA-001759
DIVISION:CV-F

**SONDRA CRUM,**

    Plaintiff,

vs.

**RJ CONSTRUCTION RAILROAD
GROUP.,** a Foreign Limited Liability
Company, **ROBERT SPALDING,** as
individual employee of RJ CONSTRUCTION
RAILROAD GROUP., and
**METROPOLITAN CASUALTY
INSURANCE COMPANY,** a Foreign Profit
Corporation,

    Defendants.
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, SONDRA CRUM, by and through the undersigned attorneys, and sues Defendants, RJ CONSTRUCTION RAILROAD GROUP., a Foreign Limited Liability Company, ROBERT SPALDING, as individual employee of RJ CONSTRUCTION RAILROAD GROUP., and METROPOLITAN CASUALTY INSURANCE COMPANY, a Foreign Profit Corporation and alleges:

### COMMON ALLEGATIONS AS TO ALL COUNTS:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the

1

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/31/2021 09:42:38 AM

"estimated amount of the claim" as required in the preamble to the civil cover sheet *for jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, including November 18, 2019, Plaintiff, SONDRA CRUM, was a natural person and resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, including November 18, 2019, Defendant, RJ CONSTRUCTION RAILROAD GROUP., was and remains a Foreign Limited Liability Company, authorized to do business and doing business in Jacksonville, Duval County, Florida.

4. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, is believed to be a natural person and resident of Lexington, Kentucky.

6. At all times material to this action, Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, was a Foreign Profit Corporation authorized to do business and doing business, including the solicitation and sale of policies of motor vehicle insurance, within the State of Florida, and specifically in Jacksonville, Duval County, Florida.

7. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, was an employee of Defendant, RJ CONSTRUCTION RAILROAD GROUP.

8. On or about November 18, 2019, Plaintiff, SONDRA CRUM, was a passenger in a 2008 Jeep Grand Cherokee motor vehicle operated by JOHN CRUM while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

9. On or about November 18, 2019, Defendant, ROBERT SPALDING, operated and/or maintained an 2020 Kia Rio while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

10. At all times material hereto, including, November 18, 2019, Defendant, ROBERT SPALDING, was operating the subject vehicle for Defendant, RJ CONSTRUCTION RAILROAD GROUP., within the course and scope of his employment with Defendant, RJ CONSTRUCTION RAILROAD GROUP., southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

11. At the time and place described above, Defendant, ROBERT SPALDING, negligently operated and/or negligently maintained the subject motor vehicle so that it collided with the motor vehicle occupied by Plaintiff, SONDRA CRUM.

12. As a direct and proximate result of the foregoing negligence, Plaintiff, SONDRA CRUM, has suffered bodily injury within a reasonable degree of medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, loss of earnings, loss of ability to earn money, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

13. Venue is proper as the crash occurred in Duval County, Florida.

## COUNT I
### (SONDRA CRUM V. RJ CONSTRUCTION RAILROAD GROUP..)

Plaintiff, SONDRA CRUM, realleges paragraphs 1 through 13 as though fully set forth herein.

12. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, was employed with Defendant, RJ CONSTRUCTION RAILROAD GROUP.

13. At all times material hereto, including November 18, 2019, Defendant, ROBERT SPALDING, was operating the subject vehicle for Defendant, RJ CONSTRUCTION RAILROAD GROUP., within the course and scope of his employment for Defendant, RJ

CONSTRUCTION RAILROAD GROUP..

14. At all times material hereto, including November 18, 2019, Defendant, RJ CONSTRUCTION RAILROAD GROUP., is vicariously responsible through the acts of Defendant, ROBERT SPALDING, during the time that Defendant, ROBERT SPALDING, operated and/or maintained the subject vehicle within the course and scope of his or her employment with Defendant, RJ CONSTRUCTION RAILROAD GROUP., on November 18, 2019.

15. At all times material hereto, including November 18, 2019, at the above-described place, Defendant, ROBERT SPALDING, negligently operated and/or negligently maintained the above-described subject vehicle with the knowledge and consent of Defendant, RJ CONSTRUCTION RAILROAD GROUP., while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

16. As a result of the above-described negligence, the Plaintiff, SONDRA CRUM, suffered bodily injury within a reasonable degree of medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, loss of earnings, loss of ability to earn money, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

**WHEREFORE,** Plaintiff, SONDRA CRUM, demands judgment against Defendant, RJ CONSTRUCTION RAILROAD GROUP., for damages, costs of this action, interest, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

### COUNT II
### (SONDRA CRUM V. ROBERT SPALDING)

Plaintiff, SONDRA CRUM, realleges paragraphs 1 through 13 as though fully set forth herein.

17. Defendant, ROBERT SPALDING, had a duty to act reasonably and use due care while driving.

18. Defendant, ROBERT SPALDING, had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of Florida, to maintain proper speed for the conditions, to reduce the speed of his vehicle to avoid an accident, to maintain a proper distance between vehicles, to maintain his or her vehicle within his lane and to pay full time and attention to the operation of his or her vehicle and to avoid a collision.

19. Defendant, ROBERT SPALDING, breached that duty of due care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the traffic control device, failing to obey the laws and rules of the State of Florida, failing to maintain proper speed for the conditions, failing to reduce speed of his vehicle to avoid an accident, failing to maintain a proper distance between vehicles, by failing to control the vehicle in order to avoid a collision.

20. At all times material to, including November 18, 2019, at the above-described place, Defendant, ROBERT SPALDING, negligently operated and/or negligently maintained the above-described subject vehicle so that a collision occurred between the subject vehicle operated by Defendant, ROBERT SPALDING, and the vehicle occupied by Plaintiff, SONDRA CRUM.

21. As a result of the above-described negligence of Defendant, ROBERT SPALDING, the Plaintiff, SONDRA CRUM, suffered bodily injury within a reasonable degree of medical probability, and resulting pain and suffering, impairment, disability, disfigurement,

mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, loss of earnings, loss of ability to earn money, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

**WHEREFORE,** Plaintiff, SONDRA CRUM, demands judgment against Defendant, ROBERT SPALDING, for damages and costs of suit, together with such other relief as the Court may deem appropriate and demands a trial by jury on all issues so triable.

## COUNT III
### (SONDRA CRUM v. METROPOLITAN CASUALTY INSURANCE COMPANY)

Plaintiff, SONDRA CRUM, realleges and reaffirms paragraphs 1 - 11 as set forth above.

22.   Prior to November 18, 2019, a policy of insurance was purchased from Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY ("METLIFE"), including uninsured/underinsured coverage, which provided uninsured/underinsured coverage to the Plaintiff at the time of the subject motor vehicle accident.

23.   At all times material hereto, Plaintiff, SONDRA CRUM, had uninsured/underinsured motorist coverage with the Defendant, METLIFE, under the terms and conditions of automobile policy number 283013479-0. Attached hereto as Exhibit "A" is the declaration sheet of coverage disclosed by the Defendant, METLIFE.

24.   On or about November 18, 2019, Defendant, ROBERT SPALDING, operated and/or maintained an 2020 Kia Rio while traveling southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

25.   At all times material hereto, including, November 18, 2019, Defendant, ROBERT SPALDING, was operating the subject vehicle for Defendant, RJ CONSTRUCTION RAILROAD GROUP., within the course and scope of his employment with Defendant, RJ

CONSTRUCTION RAILROAD GROUP., southbound in the 600 block of Chaffee Road South, in Jacksonville, Duval County, Florida.

26. At the time and place described above, Defendant, ROBERT SPALDING, negligently operated and/or negligently maintained the subject motor vehicle so that it collided with the motor vehicle occupied by Plaintiff, SONDRA CRUM.

27. As a direct and proximate result of the foregoing negligence, Plaintiff, SONDRA CRUM, suffered bodily injury within a reasonable medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of income, diminished earning capacity, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, and aggravation of pre-existing injuries and/or conditions. These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

28. At the time of the aforesaid collision, Defendants, ROBERT SPALDING and RJ CONSTRUCTION RAILROAD GROUP., were an uninsured/underinsured motorist, as that term is defined in Plaintiff's policy and at §627.727, Florida Statutes, and as applicable case law interprets same.

29. METLIFE is obligated to pay monetary damages to Plaintiff, SONDRA CRUM, as a result of the permanent injuries Plaintiff sustained in the aforesaid motor vehicle collision.

30. METLIFE has refused to honor its obligations to Plaintiff, SONDRA CRUM, under the uninsured/underinsured motor vehicle policy provision of the aforesaid insurance contract.

31. Plaintiff, SONDRA CRUM, has complied with all conditions precedent to the filing of this action.

**WHEREFORE,** Plaintiff, SONDRA CRUM, demands judgment against Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 26th day of March.

**MORGAN & MORGAN**

/s/ M. Antoine Pecko
**M. ANTOINE PECKO, ESQUIRE**
FBN: 103929
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary email: apecko@forthepeople.com
Secondary email: jenniferdavis@forthepeople.com;
Alternative: tkendall@forthepeople.com
Telephone:   (904) 398-2722
Facsimile:   (904) 361-7220
Attorney for Plaintiff